**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BAXTER INTERNATIONAL, INC., | )<br>)<br>) |
| Plaintiff, | )  No. _____ <br>) |
| v. | )  Honorable _____ <br>) |
| CAREFUSION CORPORATION, and<br>BECTON, DICKINSON AND COMPANY, | )<br>)<br>)  (Jury Trial Demanded) |
| Defendants. | )<br>) |

## COMPLAINT

Baxter International, Inc. ("Baxter") brings this Complaint against CareFusion Corporation ("CareFusion") and Becton, Dickinson and Company ("Becton") (collectively the "Defendants") and alleges as follows:

### Nature of Action

1. This action, brought under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, seeks relief arising out of CareFusion's and Becton's infringement of U.S. Patent Nos. 5,764,034 (the "'034 Patent"), 5,782,805 (the "'805 Patent"), and 6,231,560 (the "'560 Patent") (collectively the "Patents-in-Suit"). Baxter owns the Patents-in-Suit.

2. True and correct copies of the '034 Patent, '805 Patent, and '560 Patent are attached hereto as Exhibits A, B and C, respectively.

### Parties

3. Baxter is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Baxter Parkway, Deerfield, Illinois, 60015.

1

4. Upon information and belief, Becton is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey, 07417.

5. Upon information and belief, CareFusion is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3750 Torrey View Court, San Diego, California, 92130. CareFusion is a wholly-owned subsidiary of Becton that is operated by Becton as part of its "Medical" segment.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.

7. This Court has personal jurisdiction over the Defendants, who, upon information and belief, have places of business in the State of Illinois and in this District, including at 25565 Network Place, Chicago, Illinois 60673, and/or regularly engage in extensive business transactions and solicitations in the State of Illinois and within this District, have contracted to supply goods and services within this District, and/or have committed acts of patent infringement in this District by making, using, selling and/or offering to sell, directly and/or through its agents or distributors, products that infringe one or more of the claims of one or more of the Patents-in-Suit.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District and/or because Defendants have committed acts of infringement in this District and have a regular and established place of business in this District.

## Factual Allegations

9. From its headquarters in Deerfield, Illinois, Baxter is a recognized innovator and leader in the research, development, manufacture and distribution of medical products in the

United States and around the world. Baxter manufactures, among other things, products used in the delivery of fluids and drugs to patients across the continuum of care. This includes intravenous (IV) medication delivery, providing infusion pumps, IV tubing, etc., to enable delivery of IV fluids and drugs.

10. Upon information and belief, Becton and CareFusion merged under an Agreement and Plan of Merger, dated October 5, 2014, effective March 17, 2015. Upon information and belief, Becton exercises control over all aspects, including the manufacturing, marketing, sales and operational policies and practices, of CareFusion, including with respect to the manufacture and sale of the accused products herein.

11. The Defendants manufacture, use, sell and/or offer for sale infusion systems, known as the Alaris System (hereinafter referred to as the "Accused Product"). The Accused Product consists of various components that include a combination of: (1) the Alaris PC unit; (2) one or more modules, including, without limitation, the Alaris Pump module, Alaris Syringe module, Alaris PCA module, Alaris EtCO2 module, Alaris SpO2 module and/or Alaris Auto-ID module; (3) software, including, without limitation, various firmware and/or the CareFusion Guardrails Suite MX; and/or (4) accessories, including, without limitation, disposable accessories such as tubing. Moreover, the Accused Product drives the sale of additional and replacement accessories.

12. Upon information and belief, some or all of the Accused Products sold globally are manufactured in the United States.

**The '034 Patent**

13. Baxter is the sole owner of, and has the sole right to sue upon, the '034 Patent, which is entitled "Battery Gauge For A Battery Operated Infusion Pump" and was duly and legally issued on June 8, 1998. The '034 Patent is assigned to Baxter.

14. As identified in the Abstract of the '034 Patent:

> The present invention provides an estimate of the amount of time left on the battery by monitoring not only the voltage available from the battery, but also the amount of current flowing from the battery. It has been found that periodic sampling of the battery voltage and current drain enables accurate battery monitoring. The sampling technique alternates between sampling battery voltage and sampling current drain. An electric circuit is provided which enables the cost-effective sampling to occur. A method is then applied to the sampling signals by a microprocessor which determines the amount of time left under battery power. In a preferred embodiment, a graphic representation is provided of the amount of battery time left.

15. Baxter has not licensed or authorized the Defendants to practice the '034 Patent, and the Defendants have no right or authority to license others to practice the '034 Patent.

16. The Defendants have had actual notice of their infringement of the '034 Patent at least as a result of the commencement and service of this action.

### The '805 Patent

17. Baxter is the sole owner of, and has the sole right to sue upon, the '805 Patent, which is entitled "Medical Infusion Pump" and was duly and legally issued on July 21, 1998. The '805 Patent was assigned to Baxter.

18. As identified in the Abstract of the '805 Patent:

> The present invention provides an infusion pump having a main body portion. The main body portion includes a display area for displaying user interface information. At least one pump module is provided which is removably secured to the main body portion and adapted to receive an IV tube. The pump module can apply pumping action to the IV tube. The pump module further includes an auxiliary display area for displaying supplemental user interface information. A microprocessor is contained in the main body portion for generating user interface information on the display areas.

19. Baxter has not licensed or authorized the Defendants to practice the '805 Patent, and the Defendants have no right or authority to license others to practice the '805 Patent.

20. The Defendants have had actual notice of their infringement of the '805 Patent at least as a result of the commencement and service of this action.

**The '560 Patent**

21. Baxter is the sole owner of, and has the sole right to sue upon, the '560 Patent, which is entitled "Method And Apparatus For Automatically Controlling The Level Of Medication" and was duly and legally issued on May 15, 2001. The '560 Patent was assigned to Baxter.

22. As identified in the Abstract of the '560 Patent:

> A method and apparatus which captures relevant information pertaining to a patient's physiological conditions, automatically adjusts the amount of medication to optimize the treatment of pain and improve the patient's quality of life is described.

23. Baxter has not licensed or authorized the Defendants to practice the '560 Patent, and the Defendants have no right or authority to license others to practice the '560 Patent.

24. Defendants have had actual notice of their infringement of the '560 Patent at least as a result of the commencement and service of this action.

**Count I**
(*Infringement of the '034 Patent*)

25. Baxter repeats and reasserts all allegations contained in Paragraphs 1 through 24 above as if they were stated in full herein.

26. Defendants have infringed and continue to infringe one or more claims of the '034 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale the Accused Products in the United States, without license or authorization by Baxter.

27. In particular, Defendants have infringed and continue to infringe at least independent Claims 1 and 9 of the '034 Patent by the manufacture, use, sale or offer for sale of the Accused Product in the United States.

28. The Defendants' infringement of the '034 Patent has caused and continues to cause Baxter irreparable harm and damages in an amount to be proven at trial.

29. The Defendants have had actual notice of their infringement of the '034 Patent by the manufacture, use, sale or offer for sale of the Accused Products at least as a result of the commencement and service of this action.

30. Upon information and belief, the Defendants' unlawful infringing activity will continue unless and until the Defendants are enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

31. The Defendants' continuing infringement will cause Baxter further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

## Count II
### (*Infringement of the 805 Patent*)

32. Baxter repeats and reasserts all allegations contained in Paragraphs 1 through 31 as if they were stated in full herein.

33. The Defendants have infringed and continue to infringe one or more claims of the '805 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale the Accused Products in the United States, without license or authorization by Baxter.

34. In particular, the Defendants have infringed and continue to infringe at least independent Claims 1 and 24 of the '850 Patent by the manufacture, use, sale or offer for sale of the Accused Product in the United States.

35. The Defendants' infringement of the '805 Patent has caused and continues to cause Baxter irreparable harm and damages in an amount to be proven at trial.

36. Defendants have had actual notice of their infringement of the '805 Patent by the manufacture, use, sale or offer for sale of the Accused Products at least as a result of the commencement and service of this action.

37. Upon information and belief, the Defendants' unlawful infringing activity will continue unless and until the Defendants are enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

38. The Defendants' continuing infringement will cause Baxter further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

## Count III
### (*Infringement of the '560 Patent*)

39. Baxter repeats and reasserts all allegations contained in Paragraphs 1 through 38 as if they were stated in full herein.

40. The Defendants have infringed and continue to infringe one or more claims of the '560 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale the Accused Products in the United States without license or authorization by Baxter.

41. In particular, the Defendants have infringed and continue to infringe at least independent Claims 1 and 9 of the '560 Patent by the manufacture, use, sale or offer for sale of the Accused Product in the United States.

42. The Defendants' infringement of the '560 Patent has caused and continues to cause Baxter irreparable harm and damages in an amount to be proven at trial.

43. The Defendants have had actual notice of their infringement of the '560 Patent by the manufacture, use, sale or offer for sale of the Accused Products at least as a result of the commencement of this action.

44. Upon information and belief, the Defendants' unlawful infringing activity will continue unless and until the Defendants are enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

45. The Defendants' continuing infringement will cause Baxter further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

### Request for Relief

**WHEREFORE**, Baxter urges the Court to grant the following relief:

A. Entry of judgment that the Defendants have infringed one or more claims of the '034 Patent, the '805 Patent and/or the '560 Patent;

B. Entry of judgment that preliminarily and/or permanently enjoins Defendants and their representatives, assigns or successors, or any subsidiaries, parents, divisions, agents, servants, employees thereof, and/or those in privity with the Defendants from infringing the '034 Patent, the '805 Patent, and/or the '560 Patent;

C. An award of compensatory damages for Baxter as a result of infringement, as provided in 35 U.S.C. § 284, the extent of which will be determined at trial, but in no event less than a reasonable royalty, together with interest and costs;

D. A determination that the Defendants' acts of infringement of one or more of the Baxter patents-in-suit have been willful and an award of enhanced damages of up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

E. A determination that, pursuant to 35 U.S.C. § 285, this is an exceptional case and that Baxter be awarded its reasonable attorneys' fees and costs;

F. An award of interest on any judgment rendered in this action;

G. An award of Baxter's attorneys' fees and costs in this action; and

H. Such other and further relief as is just and proper.

### Jury Demand

Plaintiff Baxter demands a trial by jury on all issues so triable.

Dated:   November 5, 2015         Respectfully submitted,

BAXTER INTERNATIONAL, INC.,

By:       /s/ John E. Bucheit
         One of Their Attorneys

John E. Bucheit
ROESER BUCHEIT & GRAHAM LLC
2 North Riverside Plaza, Ste. 1420
Chicago, Illinois 60606
(312) 621-0302

Of Counsel:

John T. Gutkoski
Joseph L. Stanganelli
BARCLAY DAMON LLP
One International Place, 14th Fl.
Boston, Massachusetts 02110
(617) 274-2900

Douglas J. Nash
BARCLAY DAMON LLP
One Park Place
300 South State Street
Syracuse, New York 13202
(315) 425-2700