IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BAXTER INTERNATIONAL, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 15 C 9986 |
| | ) | |
| CAREFUSION CORPORATION, and BECTON, DICKINSON AND COMPANY, | ) | Judge Virginia M. Kendall |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Baxter International ("Baxter") sued CareFusion Corporation and Becton, Dickinson and Company (collectively, "Defendants") for infringement of three medical infusion pump patents, U.S. Patent Nos. 5,764,034 (the '034 Patent), 5,782,805 (the '805 Patent), and 6,231,560 (the '560 Patent). (Dkt. 29.) Defendants counterclaimed seeking a declaratory judgment that the patent claims are invalid and therefore cannot be infringed. (Dkt. 49.) Before the Court is Defendants' Motion for Judgment on the Pleadings for non-infringement and invalidity as to claims 5 and 24–35 of the '805 Patent, claims 1–3, 6–7, and 16 of the '560 Patent, and claims 1–4 and 9–12 of the '034 Patent. (Dkt. 215.) Defendants also move to dismiss Baxter's claim for infringement as to claims 4 and 9–12 of the '560 Patent for lack of prosecution. (*Id.*) For the reasons set forth below, both Motions are granted in part and denied in part.

## BACKGROUND

Baxter's Amended Complaint alleges infringement of various patent claims for each of the three patents at issue. (Dkt. 29.) Defendants counterclaimed alleging patent invalidity and non-infringement. (Dkt. 49.) Defendants subsequently filed petitions with the Patent Trial and Appeal

1

Board ("PTAB") to conduct *inter partes* review of the '034 and '560 Patents. (*See* Dkt. 217-1.) Defendants then filed a motion to stay litigation during the pendency of the PTAB proceedings, which this Court granted. (Dkts. 84, 138.) PTAB issued final written decisions in 2018 in which it found that claims 1–4 and 9–12 of the '034 Patent and claims 1–3, 6–7, and 16 of the '560 Patent were all unpatentable. (Dkt. 217-1.) Defendants subsequently filed the instant Motions. (Dkt. 215.) During the pendency of these Motions, Baxter filed paperwork with the Patent and Trademark Office ("PTO") to disclaim some of the patent claims that are subjects of this litigation. (Dkt. 219-2.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). "To survive a motion for judgment on the pleadings, 'a complaint must state a claim to relief that is plausible on its face.'" *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (quoting *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016)). In ruling on a Rule 12(c) motion, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). The Court applies that same standard to a motion to dismiss under Rule 12(b)(6). *See Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) ("We review Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

## DISCUSSION

### A. Judgment on the Pleadings for Indefinite Claims of the '805 Patent

Defendants seek judgment on the pleadings as to claims 5 and 24–35 of the '805 Patent because the Court has already found these claims to be indefinite, such that they cannot give rise to infringement liability. *See Baxter Int'l, Inc. v. CareFusion Corp.*, 15 C 9986, 2019 WL 1897063, at *4 (N.D. Ill. Apr. 29, 2019) (holding that Baxter's use of the term "means for sensing tube restrictions" in claims 5 and 24 of the '805 Patent is indefinite). Baxter now concedes that all of its asserted claims that rely upon claims 5 and 24 of the '805 Patent—*i.e.*, claims 25–26, 28–31, and 35 of the '805 Patent—are also indefinite. But the parties continue to dispute two issues with respect to '805 Patent claims: (1) whether the Court should issue declaratory judgment of non-infringement as to these claims or instead dismiss them as moot and (2) whether the Court should also render judgment as to claims 27 and 32–34 of the '805 Patent.

#### i. Proper Disposition of the Disputed '805 Patent Claims

The Court has already determined that claims 5 and 24 of the '805 Patent are indefinite. Because the claims are indefinite, they are invalid and therefore cannot be infringed. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 902 (2014) (explaining that a "lack of definiteness" renders a patent claim invalid). Thus, Defendants are entitled to judgment as a matter of law because they could not have infringed the uninfringeable. Baxter relies on *Honeywell Int'l v. Int'l Trade Com'n*, 341 F.3d 1332 (Fed. Cir. 2003) for the proposition that the Court should dismiss these non-infringement counterclaims as moot, but its reliance on that case is inapposite. *Honeywell* instructs that courts should not perform infringement analyses on indefinite claims, *i.e.*, comparing unconstruable claims to accused products. But the Court need not perform an infringement analysis to determine that Defendants are entitled to judgment on the pleadings as to

non-infringement of claims 5 and 24 of the '805 Patent. *See Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (explaining that an infringement analysis is a two-step process by which courts first determine the scope and meaning of patent claims and then compare those claims to the allegedly infringing product). Here, all the Court did to make an indefiniteness determination was to assess the claims themselves; there was no need to engage in the second step of an infringement analysis. *Honeywell's* mootness rule does not apply in this case and Defendants could not have infringed indefinite patent claims, so Defendants are entitled to judgment on the pleadings as to their non-infringement and invalidity counterclaims regarding claims 5, 24–26, 28–31, and 35 of the '805 Patent.[1]

        *ii.      Claims 27 & 32–34 of the '805 Patent*

This Court lacks authority to grant declaratory relief absent an actual case or controversy. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). "An actual controversy is one that is 'definite and concrete . . . real and substantial' and [allows] specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 127 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)). The burden of demonstrating that an actual controversy exists lies with the party seeking declaratory relief from the Court. *See Benitech Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

Baxter did not allege in its Amended Complaint that Defendants infringed on claims 27 or 32–34 of the '805 Patent. (*See* Dkt. 29 ¶ 34.) As such, no case or controversy as to those claims is currently before the Court. Defendants have failed to meet their burden to demonstrate that this

---

[1] The parties agree that each of these claims depend on claims 5 and 24 of the '805 Patent, so because Defendants are entitled to judgment on the pleadings as to claims 5 and 24, they are also entitled to judgment on the pleadings as to claims 25–26, 28–31, and 35.

Court has declaratory judgment jurisdiction as to claims 27 and 32–34, so the Court denies Defendants' Motion for Judgment on the Pleadings as to those patent claims.

### B. Judgment on the Pleadings as to Patent Claims that PTAB Found Invalid

PTAB issued final written decisions finding that claims 1–4 and 9–12 of the '034 Patent and claims 1–3, 6–7, and 16 of the '560 Patent are unpatentable and therefore invalid. (Dkt. 217-1 at pp. 31, 74, 113.) Defendants now seek judgment on the pleadings for invalidity and non-infringement of those claims, arguing that because PTAB declared these claims invalid, Baxter is collaterally estopped from claiming their validity in this case. Baxter suggests, by contrast, that because Baxter has since filed papers at the PTO seeking to disclaim each of these claims, that this Court no longer has jurisdiction to grant judgment of invalidity and non-infringement. The question before the Court for purposes of these claims is whether such a disclaimer renders moot the dispute over those claims in this Court and, if so, whether Baxter's disclaimer was effective.

Once a patent owner disclaims its patent claims, "any infringement-based dispute concerning those claims" is rendered moot. *Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs., Inc.*, 933 F.3d 1367, 1373 (Fed. Cir. 2019). Therefore, if Baxter did disclaim any patent claims, that disclaimer would "moot[] any controversy over them." *Id*.

Defendants challenge whether Baxter has provided sufficient documentation evidencing their disclaimers and whether the disclaimers were timely. As evidence of its disclaimers, Baxter submitted to the Court disclaimer forms for claims 1–4 and 9–12 of the '034 Patent and claims 1–3, 6–7, and 16 of the '560 Patent. (Dkt. 219-2.) The forms indicate that Baxter filed them on January 6, 2020, one day before Baxter submitted its response brief to this Court for the instant Motions. (*Id.*) Baxter provided receipts from the PTO to demonstrate that it filed disclaimers for each of these claims. (*Id.*) The dates on the disclaimer forms match the dates on the receipts. (*Id*.)

Defendants doubt whether Baxter successfully filed disclaimers at the PTO, but the Court trusts the representations made by officers of the Court and finds the documentation provided to be persuasive evidence of disclaimer. The Court therefore holds that Baxter has sufficiently demonstrated that it disclaimed claims 1–4 and 9–12 of the '034 Patent and claims 1–3, 6–7, and 16 of the '560 Patent. The fact that Baxter disclaimed these patent claims during the pendency of this litigation does not alter the fact that the disclaimers render the dispute over them in this Court moot. *See Sanofi-Aventis*, 933 F.3d at 1371–73 (holding that any controversy over patent claims for which disclaimers were filed with the PTO during the pendency of the litigation is rendered moot); *see also Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009) (explaining that an actual controversy must exist at all stages of review or else the claim is moot). In keeping with *Sanofi-Aventis*, this Court finds that any case or controversy that once existed regarding claims 1–4 and 9–12 of the '034 Patent and claims 1–3, 6–7, and 16 of the '560 Patent is now moot.

Defendants' Motion for Judgment on the Pleadings on its counterclaim for claims 1–4 and 9–12 of the '034 Patent and claims 1–3, 6–7, and 16 of the '560 Patent is denied. Instead, the Court dismisses with prejudice as moot all remaining claims and counterclaims brought under claims 1–4 and 9–12 of the '034 Patent and claims 1–3, 6–7, and 16 of the '560 Patent.

### C. Motion to Dismiss Claims 4 and 9–12 of the '560 Patent

Defendants request that this Court dismiss with prejudice Baxter's infringement claims regarding claims 4 and 9–12 of the '560 Patent, and Baxter does not oppose such a dismissal. The parties do dispute, however, whether that dismissal should be made pursuant to Rule 41(b) for lack of prosecution or pursuant to the Court's inherent authority.

A Rule 41(b) dismissal is inherently an involuntary one; indeed, the Rule is entitled "Involuntary Dismissal." Here, however, both parties agree to the dismissal of these claims. Thus,

the dismissal cannot be said to be involuntary. Moreover, courts typically order dismissal for want of prosecution in cases where "there is a clear record of delay or contumacious conduct." *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (quotations omitted). District courts must also warn litigants prior to dismissing cases for want of prosecution. *Id.* The Court has issued no such warning in this case nor have Defendants suggested that Baxter has used dilatory tactics or engaged in contumacious conduct. The Court therefore relies on its inherent authority, not Rule 41(b), to dismiss with prejudice Baxter's infringement claim as to claims 4 and 9–12 of the '560 Patent.

## CONCLUSION

Defendants' Motion for Judgment on the Pleadings [215] is granted in part and denied in part. The Court grants judgment on the pleadings (and therefore a declaratory judgment) in favor of Defendants on their counterclaim for invalidity and non-infringement as to claims 5, 24–26, 28–31, and 35 of the '805 Patent. The Court denies the Motion with respect to claims 27 and 32–34 of the '805 Patent for lack of an actual case or controversy. The Court also denies the Motion for Judgment on the Pleadings as to claims 1–4 and 9–12 of the '034 Patent and claims 1–3, 6–7, and 16 of the '560 Patent. Instead, the Court dismisses with prejudice Baxter's infringement claims as to claims 1–4 and 9–12 of the '034 Patent and claims 1–3, 6–7, and 16 of the '560 Patent because they are moot.

Defendants' Motion to Dismiss [215] Baxter's infringement claim as to claims 4 and 9–12 of the '560 patent is granted in part and denied in part. The Court dismisses this infringement claim with prejudice not for lack of prosecution, but rather pursuant to the Court's inherent authority to dismiss claims by agreement of the parties.

_____
Virginia M. Kendall
United States District Judge

Date: March 10, 2020