**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BAXTER INTERNATIONAL, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 15 C 9986 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| CAREFUSION CORP., and | ) | |
| BECTON, DICKINSON AND CO., | ) | |
| | ) | |
| *Defendants.* | ) | |

## **ORDER**

Before the Court is Defendants' Motion to Strike Portions of Baxter's Infringement Expert Report. (Dkt. 238.) The Motion requests that scores of paragraphs from the expert report of Warren P. Heim be stricken because they express infringement opinions that were not contained in Baxter's final infringement contentions. For the reasons set forth below, the Motion is granted.

The parties exchanged final invalidity contentions in May and June of 2019. (*See* Dkt. 192.) On March 13, 2020, Baxter served the report of Warren B. Heim (Dkt. 242), which contains two infringement contentions—that Defendants' Guardrails MX software and the Alaris keyboard processor infringe Baxter's '805 Patent—that Defendants contend were not disclosed in Baxter's final amended invalidity contentions. According to Defendants, Baxter's failure to disclose these infringement contentions during fact discovery as required by Local Patent Rules 2.2 and 3.1 caused them prejudice because Defendants conducted no fact discovery on these invalidity contentions and did not address them in their expert reports. Baxter contends that its infringement contentions did in fact put Defendants on notice of its contentions that the Guardrails MX software and the Alaris keyboard processor infringe the '805 Patent.

This District has promulgated Local Patent Rules to facilitate the litigation of patent cases. The purpose of the Rules requiring disclosure of infringement contentions (Rules 2.2 and 3.1) is to prevent late course changes "by forcing the parties to crystallize their theories of the case early in litigation." *Sloan Valve Co. v. Zurn Indus.*, Inc., No. 10 C 204, 2013 WL 6132598, at *11 (N.D. Ill. Nov. 20, 2013) (internal quotations omitted). Expert reports are similarly bound by the propositions advanced in the Final Contentions. "Expert infringement reports may not introduce theories not previously set forth in infringement contentions." *Trading Techs. Int'l, Inc. v. CQG, Inc.*, No. 05 C 4811, 2014 WL 4477932, at *2 (N.D. Ill. Sept. 10, 2014) (citation omitted). "To allow an expert to go beyond [the Final Contentions] would render them useless and ignore the specificity requirements of the Local Patent Rule 2.3*." Pactiv Corp. v. Multisorb Techs.*, Inc., No. 10 C 461, 2013 WL 2384249, at *3 (N.D. Ill. May 29, 2013). Infringements contentions are sufficiently specific if "they provide notice of the scope of the plaintiff's infringement theory."

*Loggerhead Tools, LLC v. Sears Holdings Corp.*, No. 12 C 9033, 2016 WL 511257, at *3 (N.D. Ill. Sep. 20, 2016).

### I. Guardrails Suite MX Software

Baxter's final invalidity contentions list Guardrails MX software as a product that infringes Baxter's '560 Patent. (Dkt. 241 at p. 4.) The '560 Patent has since been dropped from this litigation and the only patent still at issue is the '805 Patent. Baxter's final contentions specifically explain that the "asserted claims of the ['805 Patent] . . . are being asserted against Carefusion Alaris Systems, including Model 8000 and Model 8015 PC Units in conjunction with at least one of the Pump Module 8100, Syringe Model 8110, and/or PCA Module Model 8120." (Dkt. 241 at p. 3.) The final contention as to the '560 Patent reads: "[t]he asserted claims of the ['560 Patent] . . . are being asserted against CareFusion Alaris Systems, including Model 8000 and Model 8210 (or 8220) SpO2 Module, and/or the Model 8300 EtCO2 Module, and/or Guardrails Suite MX software, and related tubing. . . ." (*Id.*)

Because the '560 Patent contention specifically referred to the Guardrails Suite MX Software as an infringing instrumentality of the Alaris Systems and the '805 Patent did not, it was reasonable for Defendants to infer that Baxter did not accuse the Guardrails Suite MX Software of infringing any claims of the '805 Patent. This is a straightforward application of the principle of *expressio unius*: if one lists a particular item in one context and excludes it in another, one can reasonably assume that this exclusion was intentional. Given the discrepancy between the language used in the two invalidity contentions, the Court finds that Baxter did not put Defendants on notice, as required by the Local Rules, of its contention that the Guardrails Suite MX Software infringed the '805 Patent. Accordingly, paragraphs of the Heim Report that express the theory that the Guardrails Suite MX Software infringes the '805 Patent are hereby stricken.

### II. Alaris Keyboard Processor

The Heim Report contains extensive discussion of the "keyboard processor" and how it allegedly satisfies the "slave processor" role described by the Court's claim construction order. Defendants contend that the Report's inclusion of this discussion is inconsistent with Baxter's final invalidity contentions, which do not mention that the keyboard processor satisfies the "slave microprocessor" element of the '805 Patent. Indeed, the only reference to a slave microprocessor in Baxter's final invalidity contentions is a reference to "a slave microprocessor related to battery operation." (Dkt. 241 at p. 43.) Baxter responds that its final invalidity contentions contain many references to "soft key," "numeric data entry keys," "support for key processing," and "key press" activity. These references, Baxter argues, put Defendants on notice of its contention that the keyboard processor satisfies the slave microprocessor claim limitation because they could have only been referring to processing performed by the keyboard processor. The Court finds, however, that these are vague references that do not adequately put Defendants on notice of Baxter's invalidity contention vis-à-vis the Alaris keyboard processor. The Local Patent Rules require plaintiffs to craft their invalidity contentions such that they put defendants on notice and crystalize their infringement theories. Vague references like the ones here achieve neither of those objectives. Therefore, paragraphs in the Heim Report that express the theory that the keyboard processor satisfies the slave microprocessor claim limitation are stricken.

## CONCLUSION

      Heim's report expresses infringement contentions that go beyond Baxter's final invalidity contentions, in violation of Local Patent Rule 2.3. Accordingly, Defendants' Motion to Strike [238] is granted.

_____
Virginia M. Kendall
United States District Judge

Date: August 12, 2020