IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAXTER INTERNATIONAL, INC., | ) |
| Plaintiff, | ) Case No.: 1:15-cv-09986 |
| v. | ) Hon. Nancy L. Maldonado |
| CAREFUSION CORPORATION, and BECTON, DICKINSON AND COMPANY, | ) |
| Defendants. | ) |

**JOINT STATUS REPORT**

Plaintiff Baxter International, Inc. ("Baxter") and Defendants CareFusion Corporation and Becton, Dickinson and Company (collectively, "CareFusion") respectfully submit the following Joint Status Report pursuant to the Court's May 18, 2023 and July 28, 2023 Minute Entries (Dkt. 531, 541) regarding completion of depositions of Lynn, Vaughn, Bello, and Sato and whether the parties request another referral to the magistrate judge for a settlement conference.

The four depositions have been completed. The parties believe that the settlement referral to Judge McShain remains open, and the parties have an off-the-record conference with Judge McShain regarding the progress, if any, of settlement negotiations scheduled for September 6, 2023 (Dkt. 532).

**CareFusion's Statement:**

Through its supplemental damages depositions, Baxter continues to inject untimely and improper damages evidence into this case. As the Court may recall, Baxter's damages fact witness was struck and, later, Baxter's damages expert also was excluded. Then, Baxter unilaterally

decided—more than three and half years after the close of fact discovery and ten months after the close of expert discovery—to serve a supplemental interrogatory response that changed the damages computations and contentions on which Baxter was seeking to rely at trial. While the Court subsequently allowed Baxter to proffer its damages evidence and ordered additional fact depositions in connection with Baxter's proffer, the Court noted that it was most concerned with "fairness" to both sides and that it would consider additional motion practice on the issue and also whether CareFusion should be permitted to submit supplemental expert reports. April 28, 2023 Hrg. Tr. 38:25-39:25. Now that CareFusion has taken the deposition of the proffered Baxter witnesses, those depositions have revealed serious evidentiary and procedural problems with the damages testimony and evidence Baxter seeks to introduce. CareFusion seeks the Court's guidance on an expedited procedure to address these issues created by Baxter's conduct, because they not only impact the rest of the parties' pretrial preparations, but also present gating issues as to whether supplemental expert report(s) from CareFusion's experts would be needed to address evidence and testimony that the experts never previously had an opportunity to consider or respond.

***First***, deposition testimony, including testimony elicited during improper redirect examinations by Baxter's counsel, now confirms that Baxter intends to pursue its damages case based on, *inter alia*, improper opinion testimony by lay witnesses, hearsay, and witnesses who lack personal knowledge on the key topics proffered in Baxter's First and Second Supplemental Responses to Interrogatory No. 8. For example:

- Although Baxter proffered that Mr. Lynn was familiar with "the invention covered in the Massachusetts General license with Sigma" as well as "the services offered by Care Everywhere and covered by the Care Everywhere agreement," Mr. Lynn testified that he saw the license between MGH and Sigma for the first time during his July 26, 2023 deposition and reviewed the patents covered therein the day before the deposition and that he has not read, discussed or negotiated the Care Everywhere

2

- agreement. Mr. Vaughn was similarly disclosed to have knowledge of the MGH-Sigma license and Care Everywhere agreement but has no knowledge about the negotiations of either. Critically, none of the Baxter witnesses have the requisite personal knowledge regarding comparability of the licenses in the record.

- Although Baxter proffered its intention to rely upon Mr. Lynn, Mr. Vaughn and Ms. Bello to provide testimony relevant to "the value of the patented invention" and "apportionment of the patented invention as compared to non-patented features," each of these witnesses testified that they have *never* conducted or have no knowledge regarding a patent valuation or apportionment analysis for the '805 patent (or any patent). In fact, counsel for Baxter objected to questions about Mr. Lynn's ability to apportion the patented invention on grounds that the inquiry called for expert testimony. For example, Baxter's counsel objected to the question, "[d]o you know what components of the Alaris system are covered by the '805 patent" as "call[ing] for expert testimony." Additionally, although Baxter disclosed that Mr. Sato would testify to "[t]he portion of profit in sales that is due to the patented invention," Mr. Sato admitted he was not familiar with the '805 patent at all.

- Although Baxter stated that Mr. Lynn received "customer feedback" regarding the Colleague pump and "may testify … about the launch of the Colleague™ and consumer reception to it," apart from a few unsupported hearsay anecdotes, Mr. Lynn could not recall the names of individuals he spoke with or identify any documents tracking customer feedback regarding the Colleague product and, critically, was not in conversation with any domestic customers in 2001 at the time of the hypothetical negotiation.

*Second*, Baxter is additionally seeking to rely on new facts and theories that were either not disclosed at all during discovery or, worse, *contradict* opinions and theories disclosed during discovery. For example:

- Baxter's now-excluded damages expert, Ms. Salters, found the Cerner license to be "not comparable" to a hypothetical license for the '805 patent and did not discuss the Care Everywhere agreement. Yet, Baxter now seeks to establish the purported comparability of these licenses, even though Baxter's own technical expert agreed that the Cerner license was "not technologically comparable" and its fact witnesses have testified that the Care Everywhere license has "no bearing whatsoever" to the '805 patent.

- Baxter *never* disclosed its intention to rely upon an industry royalty rate of "under 10%". Yet, during Mr. Sato's July 17, 2023 deposition, Baxter's counsel asked re-direct beyond the scope of CareFusion's questions and elicited improper opinions regarding a "typically under 10%" industry royalty rate that Mr. Sato cannot opine on.

3

These are just a few examples of the new and otherwise improper and inadmissible evidence on which Baxter now seeks to rely.[1]

CareFusion believes the most orderly and expeditious manner in which to proceed would be to adjudicate these timeliness and evidentiary issues in the coming month prior to parties' preparation of pretrial disclosures. Notably, CareFusion does not seek at this time to preclude Baxter from putting on a damages case at trial, an issue on which the Court has already ruled. But, because the improper damages evidence Baxter seeks to introduce will significantly and materially impact the remainder of the pretrial order and trial preparation (including the need for CareFusion to seek the Court's leave to serve supplemental expert reports), CareFusion believes it would best to obtain resolution regarding various categories of Baxter's damages evidence prior to the submission of other pretrial filings and motions *in limine* on other issues. The Court should reject Baxter's argument that CareFusion cannot supplement its expert discovery, at least given that the Court expressly contemplated that CareFusion may seek leave to supplement its reports. Nor should the Court credit Baxter's suggestion that these issues should be raised only two months before trial—CareFusion should not have to wait until then and, in the meanwhile, expend significant time and resources preparing pretrial materials, including potentially supplemental expert reports, to respond to fundamentally flawed evidence to support damages theories that Baxter first disclosed only months ago. Accordingly, CareFusion seeks the Court's guidance on briefing damages-related motions in the coming month and prior to the scheduled pretrial process.

---

[1] To the extent that Baxter is permitted to present the damages theories or evidence presented in its recent disclosures and deposition testimony, to which CareFusion never had an opportunity to prepare or respond, CareFusion reserves the right to and likely will present rebuttal testimony and evidence from the fact witnesses in its Rule 26 disclosures.

**Baxter's Statement:**

Carefusion succeeded in excluding Baxter's damages expert and, since that time, has repeatedly ask this Court to provide it with further remedies to deal with the alleged prejudice of the successful outcome of its own motion. Carefusion admits that this Court already addressed and denied Carefusion's motion to preclude Baxter from presenting a damages case at all. And the Court already ordered (and the parties completed) supplemental discovery. *See* Dkt. 528. In accordance with the Court's order, Baxter also served a second supplemental interrogatory response and, at Defendants' request, a second supplemental initial disclosure providing further damages information. And, as noted above, Defendants were given the opportunity to take a second round of depositions of the four fact witnesses identified.

It is Baxter's position that, now that the supplemental discovery is complete, all fact and expert discovery is complete and the parties may prepare for trial in accordance with the Court's ordinary pretrial procedures. All outstanding issues, including the alleged issues raised above by Carefusion, may be addressed in motions in limine or objections at trial, in accordance with the Court's standing order.

Dated: August 7, 2023  **BAXTER INTERNATIONAL, INC.**

By: /s/
    Julianne M. Hartzell
    Kelley S. Gordon
    Chelsea M. Murray
    MARSHALL GERSTEIN & BORUN LLP
    6300 Willis Tower
    233 S. Wacker Dr.
    Chicago, IL 60606
    T: 312.474.6300
    E: jhartzell@marshallip.com
    E: kgordon@marshallip.com
    E: cmurray@marshallip.com

    Douglas J. Nash
    John D. Cook
    Denis Sullivan
    Thomas Hoehner
    BARCLAY DAMON LLP
    Barclay Damon Tower
    125 East Jefferson Street
    Syracuse, New York 13202
    Tel: (315) 425-2700

    Jeffrey R. Gargano
    Devon C. Beane
    Melissa Haulcomb
    K&L Gates LLP
    70 W. Madison Street, Suite 3300
    Chicago, IL 60602
    T: 312.372.1121

    ATTORNEYS FOR PLAINTIFF
    BAXTER INTERNATIONAL, INC.

|  | CAREFUSION CORPORATION and BECTON, DICKINSON AND COMPANY |
|---|---|
| Dated: August 7, 2023 | By: */s/ Omar Khan* |

| | |
|---|---|
| Omar A. Khan (admitted *pro hac vice*) | Kevin Tottis (ARDC No. 6193853) |
| Lauren E. Matlock-Colangelo | Monica L. Thompson (ARDC No. 6181455) |
|    (admitted *pro hac vice*) | Keith M. Stolte (ARDC No. 6244848) |
| **WILMERHALE** | **TOTTISLAW** |
| 7 World Trade Center | 401 North Michigan Avenue, Suite 530 |
| 250 Greenwich Street | Chicago, Illinois 60611 |
| New York, New York 10007 | Tel: (312) 527-1400 |
| Tel: (212) 230-8800 | |
| | Kurt J. Niederluecke (MN Reg. # 0271597) |
| Heather M. Petruzzi (admitted *pro hac vice*) | Adam R. Steinert (MN Reg. # 0389648) |
| **WILMERHALE** | Barbara Marchevsky (MN Reg. # 0398256) |
| 2100 Pennsylvania Avenue NW | **FREDRIKSON & BYRON, P.A.** |
| Washington, District of Columbia 20037 | 200 South 6th Street, Suite 4000 |
| Tel: (202) 663-6000 | Minneapolis, Minnesota 55402-1425 |
| | Tel: (612) 492-7000 |
| Lisa J. Pirozzolo (admitted *pro hac vice*) | |
| Josefina Bianca Garcia | Thomas M. Patton (MN Reg. # 0401728) |
|    (admitted *pro hac vice*) | **FREDRIKSON & BYRON, P.A.** |
| Labdhi P. Sheth (admitted *pro hac vice*) | 111 East Grand Avenue, Suite 301 |
| **WILMERHALE** | Des Moines, Iowa 50309-1884 |
| 60 State Street | Tel: (515) 242-8900 |
| Boston, Massachusetts 02109 | |
| Tel: (617) 526-6000 | |

7