# EXHIBIT 16

## to

## Defendants' Motions *in Limine* regarding Damages

*Baxter Int'l, Inc. v. CareFusion Corp. et al.*
N.D. Ill. Case No. 1:15-cv-09986

```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3
    BAXTER INTERNATIONAL, INC.,    )
 4                                 )
                    Plaintiff,     )
 5                                 )   No. 15 C 9986
                vs.                )   Chicago, Illinois
 6                                 )   May 18, 2023
    CAREFUSION CORPORATION and     )   11:00 a.m.
 7  BECTON, DICKINSON AND COMPANY, )
                                   )
 8                  Defendants.    )

 9                   TRANSCRIPT OF PROCEEDINGS

10         BEFORE THE HONORABLE NANCY L. MALDONADO

11  APPEARANCES:

12  For the Plaintiff:      MARSHALL GERSTEIN & BORUN LLP
                            6300 Willis Tower
13                          233 South Wacker Drive
                            Chicago, Illinois 60606
14                          BY:  MS. JULIANNE M. HARTZELL
                                 MS. CHELSEA M. MURRAY
15                               MS. KELLEY S. GORDON

16                          BARCLAY DAMON LLP
                            125 East Jefferson Street
17                          Syracuse, New York 13202
                            BY:  MR. DOUGLAS J. NASH
18

19  For the Defendants:     WILMER HALE
                            7 World Trade Center
20                          250 Greenwich Street
                            New York, New York 10007
21                          BY:  MR. OMAR A. KHAN

22

23  Official Court Reporter: JENNIFER COSTALES, CRR, RMR, CRC
                             219 S. Dearborn St., Room 2342
24                           Chicago, Illinois 60604
                             (312) 435-5895
25                           jenny.uscra@yahoo.com
```

```
 1   APPEARANCES:  (Continued)

 2   For the Defendants:       WILMER HALE
                               60 State Street
 3                             Boston, Massachusetts 02109
                               BY:  MS. LISA J. PIROZZOLO
 4
                               TOTTIS LAW
 5                             401 North Michigan Avenue
                               Suite 530
 6                             Chicago, Illinois 60611
                               BY:  MR. KEVIN TOTTIS
 7
                               FREDRIKSON & BYRON, P.A.
 8                             200 South 6th Street
                               Suite 4000
 9                             Minneapolis, Minnesota 55402-1425
                               BY:  MR. KURT J. NIEDERLUECKE
10                                  MR. ADAM R. STEINERT
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
11:00:38

11:00:48

11:01:02

11:01:26

11:01:42
```

1    (Proceedings via Webex)
2         THE COURTROOM DEPUTY:  Good morning.  Case 15 CV
3    9986, Baxter versus CareFusion.
4         Plaintiff's counsel, if you can please state your
5    name.
6         MS. HARTZELL:  Julianne Hartzell on behalf of Baxter.
7         THE COURTROOM DEPUTY:  And defense counsel.
8         MR. KHAN:  Omar Khan on behalf of CareFusion
9    defendants.
10        THE COURT:  Good morning, counsel.
11        MS. HARTZELL:  Good morning, Your Honor.
12        MR. KHAN:  Good morning, Your Honor.
13        THE COURT:  I see we have another virtual roomful.
14        Thank you for the status report.  I did have a chance
15   to review it, and I see that there are a few issues to talk
16   about, the first being depositions, live or remote.
17        You know, I've read your positions.  Is there
18   anything else that, and I'll start with you, Ms. Hartzell,
19   that you want to add that's not in your report, which I've
20   read?  Anything else?
21        MS. HARTZELL:  I will note one thing that we didn't
22   necessarily want to put in the public filing.  One of the
23   witnesses had raised some health concerns about having large
24   groups of people around.  But there are likely ways we could
25   address that if the Court chooses in-person depositions.

|          |    |                                                                |
|----------|----|----------------------------------------------------------------|
|          | 1  | THE COURT: Okay. Can I ask which witness raised                |
|          | 2  | that issue?                                                    |
|          | 3  | MS. HARTZELL: Ken Lynn.                                        |
|          | 4  | THE COURT: Okay. You know, I am sensitive to those             |
| 11:01:58 | 5  | issues and we can discuss further.                             |
|          | 6  | But, Mr. Khan, anything else that you would like to            |
|          | 7  | add in addition to anything you've already stated?             |
|          | 8  | MR. KHAN: Your Honor, we hadn't heard about                    |
|          | 9  | Mr. Lynn's health issues. With respect to him, I think we'd    |
| 11:02:14 | 10 | be okay to proceed with a virtual deposition so we can take    |
|          | 11 | that issue off the table.                                      |
|          | 12 | And with respect to the other witnesses, they're all           |
|          | 13 | in the Chicago area. We're going to travel to them. They can   |
|          | 14 | wake up in the morning and go to Ms. Hartzell's office instead |
| 11:02:28 | 15 | of, you know, going to wherever they were going to work or     |
|          | 16 | elsewhere. So we think there is really no burden to them or    |
|          | 17 | to Baxter here.                                                |
|          | 18 | THE COURT: Okay. So thank you for accommodating                |
|          | 19 | Mr. Lynn. So his will proceed remotely.                        |
| 11:02:46 | 20 | As to Vaughn and Bello, I will order that those                |
|          | 21 | proceed live. You know, I know we're all sort of in this       |
|          | 22 | transition place where we're trying to figure out what we do   |
|          | 23 | live and do we go back and do we keep doing remote.            |
|          | 24 | I think for something like this, a status hearing              |
| 11:03:11 | 25 | like this where I have counsel I think from all corners, it    |

makes sense to do it remotely to save costs for clients. But depositions are different. Counsel are evaluating witnesses, and I think in person is better and what's typically contemplated, except when there are other issues like with Mr. Lynn.

So I will order that Vaughn and Bello be live and at their convenience, right.

And so, Mr. Khan, are Bello and Vaughn currently employed by Baxter?

MS. HARTZELL: Vaughn is, Bello is not.

THE COURT: Okay. I'm very sensitive, as you all should be, to witnesses' schedules. So you'll cooperate and try to accommodate the witnesses as best as you can.

Now, Sato is also not with Baxter anymore.

MS. HARTZELL: Correct.

THE COURT: Right. I feel like he's a little different in that he was disclosed as to damages, as having knowledge of damages.

I know CareFusion, Mr. Khan, you don't need to tell me what you told me before. I know you feel that perhaps you didn't have a good crack at him, and you are getting your crack at him. He's a former Baxter employee.

He has to be subpoenaed, right, Ms. Hartzell?

MS. HARTZELL: Yes.

THE COURT: I would suggest that you all defer to

|  |  |
|---|---|
| 11:04:59 | 1  what Mr. Sato would like.  You know, he's already been |
|  | 2  deposed.  He's not a Baxter employee.  So live or remote, I |
|  | 3  will allow either, but you need to work around Mr. Sato's |
|  | 4  schedule.  I don't know how long his first deposition was.  I |
|  | 5  expect that it at least went the full seven hours.  And so |
|  | 6  respect his schedule. |
|  | 7          MR. KHAN:  Understood, Your Honor. |
|  | 8          THE COURT:  Okay.  So that one, he can decide what he |
|  | 9  prefers. |
| 11:05:12 | 10         On the supplemental interrogatory issue, I did read |
|  | 11 what you all submitted, and I reread the answer to |
|  | 12 interrogatory 8, which has quite a bit of information in it, |
|  | 13 which I think will be further illuminated by these four |
|  | 14 depositions.  You know, I'm not inclined to order an |
| 11:05:39 | 15 additional supplemental answer. |
|  | 16         You know, Mr. Khan, what do you think you need that |
|  | 17 you can't get in a deposition? |
|  | 18         MR. KHAN:  I think, Your Honor, there are really two |
|  | 19 issues.  And let me start with the one that I know, and I |
| 11:06:00 | 20 think Ms. Hartzell would agree, can't be done in a deposition, |
|  | 21 which is what they've done is they have provided us with |
|  | 22 per-unit royalties.  And they don't know, the witnesses don't |
|  | 23 know how many units were sold. |
|  | 24         And so I think at minimum we need an interrogatory |
| 11:06:23 | 25 response to explain how they're going, how Baxter is going to |

1 contend to convert the per-unit royalty into sort of the
2 ultimate damages claim that they're going to try to put in
3 front of a jury.
4     THE COURT: Well, don't they tell you that? I'm
5 looking at page 5. The number of PC units is set forth in the
6 expert report and deposition of Salters. The underlying facts
7 are in the Salters report.
8     I mean, here is what I am trying to figure out. I'm
9 all about fairness, but like can't you look at the report and
10 know about the number of units? Yeah.
11     MR. KHAN: I think, Your Honor, there was a dispute
12 over the number of units that are at issue, and that's part of
13 the problem.
14     THE COURT: Okay.
15     MR. KHAN: And so, you know, I think all we're really
16 all asking for, and we said this to them in the meet and
17 confer, we're just asking for a table or a chart. We're not
18 asking for some long narrative response, sort of just the
19 addition of a table or a chart that explains how they got from
20 each of the licences to the alleged per-unit royalty and then
21 how are they getting from the per-unit royalty to whatever
22 number they want to put in front of a jury.
23     So I think, Your Honor, it's as simple as they have
24 four licences, it's a table with four rows, and that's really
25 all we're asking for. They've done the math. They know the

|  |  |
|---|---|
| | 1    math. And I think there were disputes, you know, at the |
| | 2    expert phase about what the royalty base should or shouldn't |
| | 3    be. There were disputes about which rates in the licences |
| | 4    apply. And so we're just looking to make sure we understand |
| 11:07:59 | 5    their contentions with respect to what the royalty base is |

1   math. And I think there were disputes, you know, at the
2   expert phase about what the royalty base should or shouldn't
3   be. There were disputes about which rates in the licences
4   apply. And so we're just looking to make sure we understand
5   their contentions with respect to what the royalty base is
6   going to be and what rates and which licences they're picking
7   as the basis for their per-unit royalty.
8         And, ultimately, just to say it again, all we're
9   looking for is a little table or a chart that lays that out.
10   It's not a big -- it should not be some elaborate sort of
11   supplementation on their part.
12         THE COURT: Okay. Ms. Hartzell, what is the
13   plaintiff's objection to sort of, you know, adding on to your
14   supplemental answer here a chart, which is going to have
15   ranges, right? I mean, what is plaintiff's objection to doing
16   that?
17         MS. HARTZELL: Well, first, I think that it has been
18   done, that that information is already known to the
19   defendants. Their expert, as we talked about in the briefing
20   on the motion, their expert went through each of the licences
21   and laid out all of the terms for those licences. So they are
22   aware of those terms.
23         And then secondly, with respect to -- we actually
24   didn't discuss what the royalty base is during our meet and
25   confer, but that is something that was -- that the dispute is

1 about which units infringe, so that's really more of an
2 infringement question, and it will be a determination for the
3 jury about which units infringe.
4 They are aware of the units that they sold, and as
5 Your Honor noted, the Salters report identified those that
6 Baxter believes are going to be the number that are found to
7 infringe.
8 THE COURT: Okay. You know, I don't want to
9 create -- I understand what you are saying, Ms. Hartzell. And
10 here is what I am trying to figure out. What is the fair
11 thing to do here? I will ask you, Ms. Hartzell, this doesn't
12 feel -- I understand that there is disputes, and the jury may
13 decide things, and the damages theory might be dependent on
14 what the jury decides. I get that. But is there any burden
15 to the plaintiff in putting together a chart along the lines
16 of what Mr. Khan suggests?
17 MS. HARTZELL: Well, I think if we are going to
18 supplement the interrogatory response, it makes sense to do so
19 after the fact witness depositions have taken place so that
20 that testimony can also be incorporated. So I think that that
21 would be our preference, to provide that once we have that
22 information.
23 THE COURT: Okay. Mr. Khan, response on timing?
24 MR. KHAN: I think, Your Honor, we sort of need that
25 now in terms of how they're getting from each license to each

|  |  |
|---|---|
| 11:11:03 | 1 rate. It's something that they have in their hands now.
2 Baxter's counsel in prior conferences before Judge Kendall
3 said, and I quote, "The math is simple." And if it's simple,
4 just put it in a 'rog response and do it now. I think they
5 could do it by close of business today. |
|  | 6 And I don't think there is any need to wait until the
7 depositions. In fact, it would inform how we take the
8 depositions to make sure we understand, you know, if they're
9 selecting a particular rate and a particular license that |
| 11:11:16 | 10 derives, then we need to know that before we take the
11 depositions, not after. Their damages contentions should be
12 complete today, not after we take these depositions. |
|  | 13 THE COURT: So here is what I am going to do.
14 Ms. Hartzell, I am going to order plaintiff to supplement this |
| 11:11:38 | 15 interrogatory response with a chart. I understand that there
16 are variables and unknown and things may evolve following the
17 depositions. But in terms of if it's really all out there, as
18 you suggest, just packaging it just for the sake of full
19 disclosure. |
| 11:12:08 | 20 Now, I will give you time to do this. I'm not going
21 to order you to do it today. So I will ask you, Ms. Hartzell,
22 how long you need to put together such a chart? |
|  | 23 MS. HARTZELL: I would ask for one week.
24 THE COURT: Okay. So one week to do that, by the |
| 11:12:37 | 25 25th. Then you'll do the depositions, right? |

1  rate. It's something that they have in their hands now.
2  Baxter's counsel in prior conferences before Judge Kendall
3  said, and I quote, "The math is simple." And if it's simple,
4  just put it in a 'rog response and do it now. I think they
5  could do it by close of business today.
6         And I don't think there is any need to wait until the
7  depositions. In fact, it would inform how we take the
8  depositions to make sure we understand, you know, if they're
9  selecting a particular rate and a particular license that
10 derives, then we need to know that before we take the
11 depositions, not after. Their damages contentions should be
12 complete today, not after we take these depositions.
13         THE COURT: So here is what I am going to do.
14 Ms. Hartzell, I am going to order plaintiff to supplement this
15 interrogatory response with a chart. I understand that there
16 are variables and unknown and things may evolve following the
17 depositions. But in terms of if it's really all out there, as
18 you suggest, just packaging it just for the sake of full
19 disclosure.
20         Now, I will give you time to do this. I'm not going
21 to order you to do it today. So I will ask you, Ms. Hartzell,
22 how long you need to put together such a chart?
23         MS. HARTZELL: I would ask for one week.
24         THE COURT: Okay. So one week to do that, by the
25 25th. Then you'll do the depositions, right?

1 And I will say that on the trial date, which is
2 another issue you've raised, you know, I do have an opening on
3 February 26, 2024. It's far enough out from the November date
4 that I could slot someone into your date.
5 I'm very mindful of my trial calendar, because as a
6 new judge I inherit cases, and some are trial ready, and I'm
7 trying to fit everyone in.
8 And I am mindful that -- I'm not saying I even think
9 supplemental expert reports are necessary, Mr. Khan. So don't
10 get too excited. However, I am mindful that with depositions
11 you are running up against pretrial -- it feels a little on
12 the tighter side, and it's early enough that I can still be
13 efficient and slot someone into your November time. So I am
14 willing to move it to February 26th.
15 Now, Ms. Hartzell, you raised the issue of witness
16 availability. You know, I would say that -- here is what I
17 would suggest. I will put a soft hold on February 26, 2024.
18 And you all have requested, is it seven days for trial, that's
19 what you've estimated, more or less?
20 Okay. I will hold probably just roughly a two-week
21 period for you, 10 days, I'll hold those 10 days for you
22 starting on February 26th.
23 You can file a joint status report in maybe two weeks
24 confirming that this will work for your witnesses. And then
25 at that point if it does, I will go ahead and move the trial

Case: 1:15-cv-09986 Document #: 551-16 Filed: 09/07/23 Page 13 of 14 PageID #:24206

12

| | | |
|---|---|---|
| | 1 | to that date. |
| | 2 | I think that the other thing that this would allow |
| | 3 | you to do is explore settlement. Now, I know you already went |
| | 4 | to McShain. And I am happy to try your case and learn all |
| 11:14:50 | 5 | about your technology, et cetera, et cetera. However, I think |
| | 6 | there is always value in exploring settlement. You know, some |
| | 7 | variables have been decided. And you will be learning more in |
| | 8 | the coming months about the damages aspect. |
| | 9 | If at any point you want to go back to McShain, you |
| 11:15:12 | 10 | let me know. This is an invitation. I don't like pressuring |
| | 11 | parties. And I also don't like pester McShain to tell me what |
| | 12 | happened. I kind of prefer to just sort of stay out of it. |
| | 13 | So I actually don't know, I don't know really much at all |
| | 14 | about what happened with her. |
| 11:15:33 | 15 | But this schedule will permit exploration of |
| | 16 | settlement if you want it. So think about that. And you can |
| | 17 | file a status report with me at any time asking me to refer |
| | 18 | you back to McShain, because I think things will become clear |
| | 19 | for you in the coming months on damages, right, at least. |
| 11:15:57 | 20 | Okay. |
| | 21 | MS. HARTZELL: Thank you, Your Honor. |
| | 22 | THE COURT: Okay. |
| | 23 | MR. KHAN: Thank you, Your Honor. |
| | 24 | THE COURT: Are there any questions for me? |
| 11:16:04 | 25 | MS. HARTZELL: Nothing from the plaintiff. |

|  |  |
|---|---|
| 1 | MR. KHAN:  Nothing from the defendants, Your Honor. |
| 2 | Thank you. |
| 3 | THE COURT:  Okay.  So I'll hear from you back on the |
| 4 | witness availability issue in about two weeks.  I'll issue a |
| 5 | minute order that will summarize my ruling today. |
| 6 | Okay.  Well, thank you. |
| 7 | MS. HARTZELL:  Thank you. |
| 8 | MR. KHAN:  Thank you. |
| 9 | (Proceedings concluded) |
| 10 | C E R T I F I C A T E |
| 11 | I, Jennifer S. Costales, do hereby certify that the |
| 12 | foregoing is a complete, true, and accurate transcript of the |
| 13 | proceedings had in the above-entitled case before the |
| 14 | Honorable NANCY L. MALDONADO, one of the judges of said Court, |
| 15 | at Chicago, Illinois, on May 18, 2023. |

11:16:17 (line 5)

/s/ Jennifer Costales, CRR, RMR, CRC
Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division