# EXHIBIT 18

## to

## Defendants' Motions *in Limine* regarding Damages

*Baxter Int'l, Inc. v. CareFusion Corp. et al.*
N.D. Ill. Case No. 1:15-cv-09986

```
1                  IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
2                           EASTERN DIVISION

3
       BAXTER INTERNATIONAL, INC.,      )
4                                       )
                        Plaintiff,      )
5                                       )    No. 15 C 9986
                   vs.                  )    Chicago, Illinois
6                                       )    August 10, 2023
       CAREFUSION CORPORATION, et al., )     10:30 a.m.
7                                       )
                        Defendants.     )
8

9                       TRANSCRIPT OF PROCEEDINGS

10           BEFORE THE HONORABLE NANCY L. MALDONADO

11     APPEARANCES:
       For the Plaintiff:          MARSHALL, GERSTEIN & BORUN
12                                 233 South Wacker Drive
                                   6300 Sears Tower
13                                 Chicago, Illinois 60606-6357
                                   BY:  MS. JULIANNE M. HARTZELL
14
       For the Defendants:         FREDRIKSON & BYRON, P.A.
15                                 60 South 6th Street
                                   Suite 1500
16                                 Minneapolis, Minnesota 55402-4400
                                   BY:  MR. KURT J. NIEDERLUECKE
17
                                   TOTTIS LAW
18                                 401 North Michigan Avenue
                                   Suite 530
19                                 Chicago, Illinois 60611
                                   BY:  MR. KEVIN TOTTIS
20
                                   WILMER CUTLER PICKERING HALE and
21                                 DORR LLP
                                   7 World Trade Center
22                                 New York, New York 10007
                                   BY:  MR. OMAR KHAN
23
       Official Court Reporter:    JENNIFER COSTALES, CRR, RMR, CRC
24                                 219 S. Dearborn St., Room 2342
                                   Chicago, Illinois 60604
25                                 (312) 435-5895
                                   jenny.uscra@yahoo.com
```

2

(Proceedings via Webex)

THE COURTROOM DEPUTY:  Good morning.  Case 15 CV 9986, Baxter International versus CareFusion Corporation.

If plaintiff's counsel can please state their name.

MS. HARTZELL:  Good morning.  Julianne Hartzell of Marshall Gerstein & Borun on behalf of plaintiff Baxter.

MR. TOTTIS:  Good morning, Your Honor.  Kevin Tottis along with Omar Khan and Kurt Niederluecke on behalf of defendants.  Mr. Khan will be taking the primary role here, Your Honor.

THE COURT:  Thank you, counsel.

So I reviewed your status report and was able to squeeze you in this morning to have a conversation about what to do about motions in limine.  I saw that depositions have been completed.  And I'll hear from both of you briefly.

You know, I will say to start I am leaning towards more of not sticking with the set schedule here, because I will say the schedule that I set previously with respect to all motions in limine would have them fully briefed in the beginning of February with the pretrial conference in the middle of February.

I mean, it strikes me frankly that irrespective of whether I allow any supplemental expert report, which I'm kind of a little sceptical of at this point, the parties are served by having some clarity here, because I suspect that these

1    aren't going to be the only motions in limine, and to sort of

2    put this more on the front burner to provide clarity would be

3    a benefit to both sides.

4           So that's sort of my initial sort of reaction to

10:34:29    5    having read your status report.  But perhaps I'll hear from

6    the plaintiff first, Ms. Hartzell, on your position and then

7    from Mr. Khan.

8           MS. HARTZELL:  Thank you, Your Honor.  Understanding

9    the position that the Court has referenced or expressed,

10:34:48    10   plaintiff believes that having one-sided motions in limine

11   only from the defendants in advance would be unfair to the

12   plaintiff.  All parties have evidence that they believe should

13   be excluded and should be given an equal opportunity to

14   address those.

10:35:05    15         Just because Baxter's expert report was excluded does

16   not make this case particularly unusual or require that it be

17   treated in a different manner than other cases.

18          Additionally, it does appear that defendants are

19   trying to reopen fact discovery as well as expert discovery.

10:35:24    20   We have recently received some documents that have been in the

21   defendants' possession for more than a decade that were just

22   produced to us years after fact discovery was closed.

23          So we don't believe that there is any basis for

24   reopening the case to the extent that the defendants are

10:35:40    25   seeking to do here, and we believe that to the extent that

1    there is any motion practice, it should be mutual and should

2    not be front-loaded to allow the defendants additional pages,

3    additional motion practice and additional time to deal with

4    the outcome of those motions.

10:35:58    5    THE COURT:  Okay.  I hear you, Ms. Hartzell.

6    Here is the thing that you all -- first off, I am not

7    inclined to move this trial date.  This has been set.  I've

8    given you guys I think a week and a half.  It's been set.  I'm

9    not inclined to move it.

10:36:14    10   So it seems like this is sort of -- I don't want this

11   bubbling up.  The fact that I allowed these depositions, in

12   some cases second depositions of fact witnesses to sort of

13   provide clarity as I understood that the information that

14   these witnesses were relying on in these interrogatory

10:36:44    15   responses were based on all information that has been

16   disclosed, but it was sort of just packaging it so that it

17   wasn't new.  So this is why I'm sceptical as to why an expert

18   report is needed.

19   But to sort of reopen fact discovery, reopen expert

10:37:02    20   discovery, I am very reluctant to do that.  I just want to put

21   that out there.  I want to keep this date.

22   Now, Ms. Hartzell, you know, I was thinking damages

23   have been an issue in this case, right.

24   MS. HARTZELL:  Correct.

10:37:19    25   THE COURT:  Obviously when it came to me I was like,

1    okay, no expert.  Fact -- I mean, it's an issue.  And so a

2    logical sort of piece -- sort of front-load would be damages.

3          Now, because I'm not saying I have time to sort of

4    take a priority look at all the motions in limine and rule on

10:37:46   5    all of them early.  I mean, I have limited resources.  I'm one

6    person.  So this is why I typically, typically do motions in

7    limine in the four to six weeks before trial and so it's fresh

8    in my mind, I dig in.

9          The reason why I am even considering expediting it

10:38:05  10    here is because damages have been an issue.  So when you talk

11    about you want to do all these other motions, golly, you can

12    do all those motions, but is there any reason why to expedite

13    any other motions from the plaintiff's perspective, any other

14    categories?  Because the damages category to me seemed narrow

10:38:31  15    and for a good reason, because it's been, since I got the

16    case, it's been all about damages, right.

17          So what else would you want to front-load?

18          MS. HARTZELL:  Well, there are several other portions

19    of the defendants' case that plaintiff expects to seek to

10:38:47  20    exclude.  And as a matter of fairness, we believe that those

21    should be addressed in the same page limits and number of

22    motions as defendants are given.

23          For example, there was a lot of questioning of the

24    fact witnesses regarding a recall of Baxter's product.  We

10:39:05  25    don't think that that's relevant to this case.

6

1          There was testimony or questioning of the fact

2     witnesses about defendants' patent, which is not at issue in

3     this case and we believe that that is not something that's

4     relevant.

10:39:16    5          So those are the kinds of things that we believe we

6     will seek to exclude.  And we don't believe that it

7     necessarily needs to be moved up, but if anything is moved up,

8     we think it should all be addressed on equal footing and in

9     equal time.

10:39:33   10          THE COURT:  Okay.  So when you say "on equal footing

11     and equal time," here, you can hold me accountable for being

12     fair.  You've seen in my pretrial standing order, I want you,

13     I like the omnibus one, two, three, four, five motions in

14     limine in one brief.

10:39:49   15          Now, I understand that that may not work in this case

16     because of the complexity of the issues involved.  I will

17     obviously give parity here and not allow defendant to go wild

18     with motions in limine and not allow plaintiff to file the

19     same, you know, the same page number, you know.  In terms of

10:40:16   20     the same number, I will be fair to both sides here.

21          I guess the issue is I'm not going to do all the

22     motions in limine early.  I just don't have the bandwidth to

23     do that.  It would be nice if everyone had, you know, three,

24     four months in advance of trial complete clarity on their

10:40:40   25     motions in limine.  Wouldn't that be a fantastic world.  I

1    don't see that happening here due to my extensive caseload

2    including criminal cases.

3            However, the reason why I'm considering doing this

4    for damages only is because this has been a sticking point in

10:40:58   5    this case that I think also has prevented sort of discussion

6    of resolution of the case.  You know, I'm happy to try this

7    case, but it struck me that if you all knew what was in or out

8    in terms of damages, it could help you evaluate your positions

9    for settlement.  You know, that's the other reason to do

10:41:21  10    damages first as well, no?

11            MS. HARTZELL:  Well, Your Honor, we were faced during

12    our settlement negotiations with the position taken by

13    defendants that once the Court revolved the motion to strike,

14    then they might be in a position to negotiate.  But that was

10:41:37  15    resolved, and we're back again having this discussion yet

16    again.  So I'm not certain how much that clarity would assist.

17            THE COURT:  Okay.  I'll hear from you now, Mr. Khan.

18            MR. KHAN:  Your Honor, from our perspective, the

19    Court gave extraordinary, extraordinary leeway to Baxter in

10:41:57  20    essentially supplementing its disclosures years after the

21    close of fact discovery.  And, you know, and the Court, we

22    respect the Court's ruling on that issue.

23            But one consequence of that, Your Honor, is something

24    we foreshadowed right there in the April hearing, was we're

10:42:11  25    going to need to come back to you all after taking these

1    depositions to understand the shape of the damages case.  And

2    I think Your Honor is taking a very practical approach in

3    expediting that one issue, you know, and allowing us an

4    opportunity to show you why we think, you know, it's not just

10:42:29    5    in limine motions, but also we believe on timeliness issues

6    with respect to the damages case, and we think that is

7    absolutely appropriate.

8            With respect to expert reports, Your Honor, we're

9    happy to, you know, brief that for you on the same pace.  We

10:42:46    10    think there is enough time for that to be addressed at the

11    same pace as the motion practice directed to their damages

12    evidence.

13            Your Honor, it is critical for us to have the ability

14    for our experts to respond, and I'll give you one example why.

10:43:00    15    Throughout the life of this case, the entire case, there is a

16    license called the Cerner license.  Their expert, all of their

17    experts, all of our experts said that that license was

18    irrelevant.  Our expert didn't analyze that license in any

19    great detail because he said, Well, you know, Baxter's expert

10:43:17    20    said it's irrelevant.  I agree.  And he didn't analyze that.

21            Now what we've got is an interrogatory response from

22    them served a couple months ago that has all this detail about

23    it, their witnesses testified about it.  The expert has to be

24    able to analyze and assess that license and, you know, any

10:43:32    25    other underlying documents relating to that licensing in

1    context now.

2          And I think that's the kind of thing that we're

3    talking about.  We're not talking about a freewheeling right

4    to sort of put in new reports.  We're talking about a very

10:43:45    5    targeted set of issues as to which our expert did not get an

6    opportunity to respond.

7          I don't think we're talking about -- you know, we are

8    not looking to delay the case.  We're not looking to push the

9    trial date.  We think everything that we're asking for can be

10:44:00    10    accommodated within the time frame provided.

11          In fact, one of the things that we were going to

12    propose to you all, to the Court essentially was, you know,

13    we're comfortable so long as the Court would permit our

14    experts to respond to the evidence and contentions that Baxter

10:44:19    15    recently put in.  We're comfortable, we're comfortable

16    foregoing reports to the extent that our expert hadn't

17    addressed it in his report already.

18          But if the Court would like everything sort of

19    formalized in a report, then we can serve such a report very

10:44:35    20    quickly after the Court's rulings and get that done very

21    quickly.  We're not looking to delay the case at all.

22          I think, you know, Ms. Hartzell spoke about parity.

23    You know, certainly this is not an issue of CareFusion's

24    making.  You know, as I've already alluded to, there was

10:44:55    25    extraordinary leeway given to Baxter in supplementing its

1       Okay.  Thank you.

2       MS. HARTZELL:  Thank you, Your Honor.

3       MR. TOTTIS:  Thank you very much.

4       THE COURT:  Thanks.

10:56:19   5       MR. KHAN:  Thank you.

6    (Proceedings concluded)

7              C E R T I F I C A T E

8       I, Jennifer S. Costales, do hereby certify that the

9  foregoing is a complete, true, and accurate transcript of the

10  proceedings had in the above-entitled case before the

11  Honorable NANCY L. MALDONADO, one of the judges of said Court,

12  at Chicago, Illinois, on August 10, 2023.

13

14                    */s/ Jennifer Costales, CRR, RMR, CRC*

15                    Official Court Reporter

16                    United States District Court

17                    Northern District of Illinois

18                    Eastern Division

19

20

21

22

23

24

25