# EXHIBIT 19

to

Defendants' Opposition to Baxter's Motions *in Limine* regarding Damages

*Baxter Int'l, Inc. v. CareFusion Corp. et al.*
N.D. Ill. Case No. 1:15-cv-09986



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Application: Meinzer et al. | ) |
| Serial No.: 08/631,819 | ) Examiner: R. Racunas |
| Filed: 10 April 1996 | ) |
| For: Medical Infusion Pump | ) Group Art Unit: 3301 |

RECEIVED
JUL 1 6 1997
GROUP 3300

Commissioner of Patents and Trademarks
Washington, D.C. 20231

### AMENDMENT

Sir:

In response to the Office Action dated 1 May 1997, please amend the above-identified patent application as follows:

### In the Specification

Please make the following amendments to the specification:

On page 4, at line 25, replace "pumpt" with -- pump -- .

On page 8, at line 6, replace "open action key 94" with -- open-action key 94 -- .

On page 8, at line 7, replace "open action key 94" with -- open-action key 94 -- .

On page 8, at lines 8-9, replace "open action Key 94" with -- open-action key 94 -- .

On page 8, at line 16, replace "key press audio tones" with -- audio tones when keys are pressed -- .

On page 21, at line 7, replace "use" with -- user -- .

BII-00000683

invention. In addition, dependent claims 5, 6, 7, 8, 57, 62, 63, 64, 69, 74, 75, 76, 85, 86 and 87 have been amended to clarify the invention. Claims 12-54 have been cancelled without prejudice.

In particular, the Office Action relies on U.S. Patent No. 4,756,706 to Kerns, et al., among other things, as teaching the use of "graphical" representations of user interface information, citing figure 3, figure 9 and figure 11. However, figures 3, 9 and 11 depict an alphabetical representation and not a pictoral representation as utilized in the present invention. In order to clarify that the present invention relates to a pictoral representation, claims 5, 6, 7, 8, 55, 57, 62, 63, 64, 68, 69, 74, 75, 76, 80, 85, 86 and 87 have been amended to specify that the graphical representation is a "pictoral graphic" representation.

In addition, in contradistinction to Kerns, et al., claim 1 has been amended to specify that the invention includes "means for generating a pictoral graphic representation as user interface information on the main display." Examples of this include means for calculating an infusion profile and for generating pictoral graphic representation of the calculated infusion profile (claims 5, 55, 74 and 85); means for sensing tube restrictions and for generating a pictoral graphic representation of the degree to which the tube is restricted (claims 6, 62, 68 and 86); means for detecting the charge of the battery and for generating a pictoral graphic representation of the change of the battery (claims 7, 63, 75 and 80); and means for sensing the presence of air in the tube and for generating a graphic representation of the presence of air in the tube (claims 8, 64, 76 and 87).

Thus, it is respectfully submitted that claim 1 now recites patentable subject matter and is in condition for allowance. Likewise, claims 2-11 depend from claim 1 and therefore include

7

BII-00000689

this same language. Thus, claims 2-11 are allowable for at least the same reasons.

Additionally, amended claim 55 and claims 56-67 which depend therefrom now recite means for calculating an infusion profile and for generating a pictoral graphic representation of the calculated infusion profile. As such, claims 55-57 now recite patentable subject matter and are in condition for allowance.

Additionally, amended claim 68 and claims 69-79 which depend therefrom now recite means for sensing tube restrictions and for generating a pictoral graphic representation of the degree to which the tube is restricted. As such, claims 68-79 now recite patentable subject matter and are in condition for allowance.

Additionally, claim 80 and claims 81-90 which depend therefrom now recite means for detecting the charge of the battery and for generating a pictoral graphic representation of the charge of the battery. As such, claims 80-90 now recite patentable subject matter and are in condition for allowance.

Thus, it is respectfully submitted that all the claims now recite patentable subject matter and are in condition for allowance. Accordingly, favorable reconsideration and allowance of the present application is respectfully requested.

Date: 18 June 1997

Respectfully submitted,

Paul E. Schaafsma
Reg. No. 32,664
GARDNER, CARTON & DOUGLAS
321 N. Clark Street, Suite 3400
Chicago, Illinois 60610-4795
(312) 245-8471
Attorneys for Applicant

8

20196106.1

BII-00000690