# EXHIBIT 28

## to
## Defendants' Opposition to
## Baxter's Motions *in Limine*
## regarding Damages

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| BAXTER INTERNATIONAL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAREFUSION CORPORATION, and )<br>BECTON, DICKINSON AND COMPANY, )<br>)<br>Defendant. ) | No. 1:15-cv-09986<br><br>Judge Amy J. St. Eve<br><br>Mag. Judge Sidney I. Schenkier |

**DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS
TO PLAINTIFF BAXTER INTERNATIONAL, INC.**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendants

CareFusion Corporation ("CareFusion") and Becton, Dickinson and Company ("Becton

Dickinson") hereby serve the following interrogatories on Plaintiff Baxter International, Inc.

("Baxter").

**DEFINITIONS AND INSTRUCTIONS**

1. The term "document" has the broadest meaning ascribed to it under Federal Rule
of Civil Procedure 34.

2. The terms "you," "your," "Plaintiff," and "Baxter" shall mean Plaintiff Baxter
International, Inc. and its respective principals, officers, directors, agents, employees, attorneys,
and representatives.

3. The term "CareFusion" shall mean CareFusion Corporation and its respective
principals, officers, directors, administrators, agents, employees, attorneys, and representatives.

**INTERROGATORY NO. 12:** Identify all third party products you contend are covered by any claim of the patents at issue by name, model number, manufacturer, date of first manufacture, date of first sale or license.

**INTERROGATORY NO. 13:** Identify all agreements between you and any third party relating to the patents at issue, including any assignments, licenses, settlements, covenants, security agreements, or any other agreement relating to any or all rights to any of those patents.

**INTERROGATORY NO. 14:** Describe in detail your pre-filing investigation related to your claims that any Accused Products infringed any valid and enforceable claims of the patents in suit, and that Baxter has standing to sue for such infringement and damages.

## DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants request that Plaintiff serve a written response to the Document Requests set forth below and produce the documents described below within thirty (30) days from the date of service hereof at the offices of FREDRIKSON & BYRON, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, Minnesota 55402.

If any document is no longer in your possession, custody, or control, or otherwise not available or accessible to the full extent requested, state whether the documents were lost, destroyed, or otherwise disposed of and describe the circumstances of such disposition.

In the event that any document or communication, or part thereof, subject to these requests is withheld on the basis of a claim of privilege, furnish Defendants with a privilege log describing the nature of the documents, communications, or things not produced or disclosed in a manner that will enable assessment of the applicability of the privilege or protection.

**REQUEST NO. 1:** All documents and things related to the conception and reduction to practice of the inventions claimed in the patents at issue.

**REQUEST NO. 2:** Documents containing information sufficient to identify and describe the structure, operation, sales, and/or licensing of any Baxter products or services you contend fall within the scope of the patents at issue.

**REQUEST NO. 3:** Documents containing information sufficient to identify and describe the structure, operation, sales, and/or licensing of any Baxter infusion pump products or services sold or offered for sale after June 9, 1998, that you contend do <u>not</u> fall within the scope of any of the patents at issue.

**REQUEST NO. 4:** All documents and things relating to your knowledge, awareness, discussions, analysis, evaluations, investigations, or testing of any Accused Product.

**REQUEST NO. 5:** All documents and things relating to the value, scope, patentability, validity, enforceability, and/or infringement of any claim of the patents at issue, including any continuation, continuation-in-part, or divisional applications thereof, as well as any foreign application claiming priority under any of the above.

**REQUEST NO. 6:** All documents and things constituting or relating to the prosecution history of the patents at issue, including any continuation, continuation-in-part, or divisional applications thereof, as well as any foreign application claiming priority under any of the above.

**REQUEST NO. 7:** All documents and things that constitute or evidence prior art to the patents at issue under 35 U.S.C. §§ 102 or 103 (whether or not cumulative), including, without limitation, patents, printed publications, search reports, advertisements, and physical products.

**REQUEST NO. 28:** All documents you referenced or relied upon in answering Defendants' interrogatories or that were identified in any of your answers to Defendants' interrogatories, your initial disclosures under Federal Rule of Civil Procedure 26, your initial disclosures under Local Patent Rules, or any other pleading served or filed in this lawsuit.

**REQUEST NO. 29:** All documents that Baxter may use to support its claims in this matter.

**REQUEST NO. 30:** All documents you may use at trial, including but not limited to demonstrative and evidentiary exhibits.

**REQUEST NO. 31:** Documents sufficient to identify your document retention policies since 1996.

**REQUEST NO. 32:** A sample of each Baxter product that you contend falls within the scope of one or more of the patents at issue.

Dated: June 10, 2016

Respectfully submitted,

**CAREFUSION CORPORATION and BECTON, DICKINSON AND COMPANY**

By: _____

Kevin Tottis (ARDC No. 6193853)
Monica L. Thompson (ARDC No. 6181455)
Rachel M. Vorbeck (ARDC No. 6238297)
TOTTISLAW
One East Wacker Drive, Suite 1205
Chicago, Illinois 60601
Tel: (312) 527-1400