# EXHIBIT 31

to

Defendants' Opposition to Baxter's Motions *in Limine* regarding Damages

*Baxter Int'l, Inc. v. CareFusion Corp. et al.*
N.D. Ill. Case No. 1:15-cv-09986

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAXTER INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:15-cv-009986 |
| | ) |
| v. | ) Hon. Amy J. St. Eve |
| | ) |
| CAREFUSION CORPORATION, and | ) Mag. Judge Sidney I. Schenkier |
| BECTON, DICKINSON AND COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**BAXTER INTERNATIONAL, INC.'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES, NOS. 1, 3 & 5**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Baxter International, Inc. ("Baxter" or "Plaintiff"), by its attorneys, Barclay Damon, LLP, as and for its Supplemental Responses to the First Set Of Interrogatories, Nos. 1, 3 & 5, served by Defendants CareFusion Corporation and Becton, Dickinson and Company (collectively, "CareFusion" or "Defendants"), states as follows:

**GENERAL OBJECTIONS AND RESPONSES**

1. The following General Objections and Responses are hereby incorporated by reference into the Specific Responses made with respect to each separate request or interrogatory. Neither the inclusion of any specific objection or response to a request or interrogatory, nor the failure to include any General Objection in response to a request or interrogatory, shall in any way be deemed as a waiver of any General Objection or Response made herein or that may be asserted at another time.

2. Neither these General Objections and Responses nor the Specific Responses set forth below are an admission as to the relevance or admissibility of any response, as to the

13130559

shows, it first became aware of the Model 8015 Alaris System at the time of its commercialization in or about late 2006 or the first half of 2007. Baxter further believes that it likewise became aware of the various modules that make up the Alaris System at the time of their first commercialization.

**Interrogatory No. 3:**

**Describe in detail each infusion pump product that you made, sold, offered for sale, or imported after June 9, 1998, that <u>was not marked</u> with any of the patents at issue, including by stating the date of manufacture for each product, providing the serial number, name, or other designation for each product, and stating the dates of sale or other disposition for each product, and identify documents sufficient to evidence the embodiments, their manufacture and sale.**

**Response:**

Baxter objects to this interrogatory on the grounds that it is vague and ambiguous, and calls for information not relevant to the claims and defenses and proportional to the needs of this case, in calling for information regarding infusion pumps that were not marked with any of the patents at issue, and in requesting identification of documents sufficient to evidence the embodiments, their manufacture and sale, of such pumps. Baxter further objects to this interrogatory on the grounds that it is compound and constitutes multiple interrogatories, which are limited in number under the Federal Rules. Baxter's response is not a waiver of this objection and Baxter reserves the right to rely on the limit to answer only the required number of interrogatories. Baxter further objects to this interrogatory to the extent it seeks information or material subject to the attorney-client privilege, work product doctrine, or any applicable privilege or protection from discovery.

Subject to and without waiving these objections and the General Objections listed above, reserving its right to amend or supplement its response and to the extent it understands this interrogatory, Baxter answers as follows: None.

**Supplemental Response:**

Defendants have indicated in subsequent communication that this interrogatory seeks information regarding all infusion pump products sold by Baxter and not marked with the patent numbers, without regard to whether each pump does or does not embody the patents-in-suit. With such clarification, Baxter reiterates its foregoing objections. Baxter further objects to this interrogatory on the grounds that it calls for information not relevant to the claims and defenses herein and/or calls for information not proportional to the needs of this case, by calling for information on all infusion pump products sold by Baxter (and not marked) without reference to embodiments of the patents-in-suit, including "the date of manufacture for each product, providing the serial number, name, or other designation for each product" and "the dates of sale or other disposition for each product" and by asking for identification of "documents sufficient to evidence the embodiments, their manufacture and sale."

**Second Supplemental Response:**

Subject to and without waiving the specific objections above and the earlier General Objections, reserving its right to amend or supplement its response, Baxter supplements its Response to this interrogatory in accordance with the agreement of the parties, as set forth in the February 24, 2017 Joint Status Report, as follows:

Below is a list of pumps marketed by Baxter since 1998 and which have not been marked with the asserted patents:

Flogard 6201

Flogard 6301

Spectrum

AS40

AS50

    AP 2 (APII)

    Ipump

    InfuseO.R

    Syndeo

    Sabratek Home Run (a/k/a Baxter 6060)

    MAXX Ambulatory Infusion Pump

    IV Exprés Volumetric Ambulatory Infusion Pump

**Interrogatory No. 5:**

**For each element that you contend is governed by 35 U.S.C. § 112(6) in each asserted claim, provide a description of the claimed function of that element and identify with specificity (including specific column and line numbers and/or figure and element numbers) the supporting structure(s), act(s), or material(s) disclosed in the relevant specification that performs the claimed function.**

**Response:**

    Baxter objects to this interrogatory on the grounds that it is vague and ambiguous, to the extent it differs from and calls for information different than that called for by the Local Patent Rules. Baxter further objects to this interrogatory on the grounds that it is preempted by the Local Patent Rules and is therefore unduly burdensome to the extent it purports to require information called for under the Local Patent Rules on a schedule other than that provided therein and adopted in the scheduling order of this case, and is premature to the extent it purports to require any such information earlier than provided therein. Baxter served its Initial Infringement Contentions on June 24, 2016, and any information responsive to any otherwise non-objectionable aspect of this interrogatory at this time would be contained therein.

    Baxter further objects to this interrogatory to the extent it seeks information or material subject to the attorney-client privilege, work product doctrine, or any applicable privilege or protection from discovery. Baxter further objects to this interrogatory on the grounds that it is

9

| | |
|---|---|
| Dated: March 3, 2017 | **BARCLAY DAMON, LLP** |
| | By: _____/s/ John T. Gutkoski_____ |

John T. Gutkoski
Joseph L. Stanganelli
BARCLAY DAMON, LLP
One Financial Center
Suite 1701
Boston, MA 02111
Telephone: (617) 274-2900
Facsimile: (617) 722-6003
Email: jgutkoski@barclaydamon.com
Email: jstanganelli@barclaydamon.com

Douglas J. Nash
Thomas Hoehner
BARCLAY DAMON, LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202
Telephone: (315) 425-2700
Facsimile: (315) 425-2701
Email: dnash@barclaydamon.com
Email: thoehner@barclaydamon.com

Bella S. Satra
BARCLAY DAMON, LLP
80 State Street
Albany, NY 12207
Telephone: (518) 429-4299
Facsimile: (518) 533-2941
Email: bsatra@barclaydamon.com

John E. Bucheit
ROESER BUCHEIT & GRAHAM LLC
2 North Riverside Plaza, Ste. 1420
Chicago, IL 60606
Telephone: (312) 621-0302
Email: jbucheit@rbglegal.com

*Attorneys for Plaintiff*
Baxter International, Inc.

13130559

## **CERTIFICATE OF SERVICE**

I, Bella S. Satra, certify, as counsel for plaintiff Baxter International, Inc., that on this 3rd day of March, 2017, a true and correct copy of the foregoing document, Baxter International, Inc.'s Supplemental Responses To Defendants' First Set Of Interrogatories, Nos. 1, 3 & 5, was served upon counsel via electronic mail to the addresses listed below, in accordance with the Federal Rules of Civil Procedure:

>Kevin Tottis
>Rachel M. Vorbeck
>Monica L. Thompson
>Tottis Law
>1 East Wacker Drive
>Suite 1205
>Chicago, IL 60602
>ktottis@tottislaw.com
>rmvorbeck@tottislaw.com
>mthompson@tottislaw.com
>
>Kurt J. Niederluecke
>Lora M. Friedemann
>Adam R. Steinert
>Nikola L Datzov
>Fredrikson & Byron, P.A.
>200 South Sixth Street, Suite 4000
>Minneapolis, MN 55402-1425
>kniederluecke@fredlaw.com
>lfriedemann@fredlaw.com
>asteinert@fredlaw.com
>ndatzov@fredlaw.com

/s/ Bella S. Satra

13130559