# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Baxter International, Inc.
                    Plaintiff,

v.                                              Case No.: 1:15−cv−09986
                                                Honorable Nancy L. Maldonado

CareFusion Corporation, et al.
                    Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, November 14, 2023:

    MINUTE entry before the Honorable Nancy L. Maldonado: Hearing held on 11/14/2023 via WebEx video conference on the parties' motions in limine regarding damages. [550]; [553]. As to Baxter's motions in limine [553], for the reasons stated on the record the Court rules as follows: motion in limine no. 1 seeking to exclude certain evidence of the prior art is granted in part to the extent that CareFusion is precluded from offering evidence or argument that all elements of the claimed invention were known, that the invention is merely or nothing more than a combination of known elements, or that there are no non−obvious differences between the claimed invention and the prior art; the Court reserves ruling on motion in limine no. 2 seeking to exclude evidence of other patents covering Defendants' accused product; motion in limine no. 3 seeking to exclude certain rebuttal licenses is denied as moot; and motion in limine no. 4 seeking to exclude evidence and argument regarding Colleague product recalls is granted in part to the extent that CareFusion will not present evidence or argument related to customer deaths or injuries in relation to the Colleague pump recall, but denied to the extent that evidence of the recall, and the basis of the recall, will not be excluded. As to CareFusion's motions in limine [550], for the reasons stated on the record, the Court rules as follows: motion in limine no. 1 seeking to exclude evidence of certain licenses agreements is granted, and the Court excludes evidence and argument related to the Cerner, Care Everywhere, and MGH Licenses; motion in limine no. 2 seeking to exclude evidence or argument of an "under 10%" standard royalty rate is granted, and Mr. Sato is excluded from testifying about any "under 10%" royalty rate for infusion pumps; the Court reserves ruling on motion in limine no. 3 seeking to exclude certain testimony under FRE 701; motion in limine no. 4 seeking to exclude certain testimony regarding customer feedback is granted in part to the extent that the cited testimony of Bello and Vaughn is excluded, and the Court reserves ruling on the motion with respect to Sato and Lynn; motion in limine no. 5 seeking to exclude certain evidence related to CareFusion's financial information is granted as to the exclusion of CareFusion's overall business information, and the exclusion of Alaris revenues, but reserved as to sales of administrative sets; motion in limine no. 6 as to Baxter's ability to rely on Mr. Green in its case−in−chief is granted to the extent that, if Baxter calls Mr. Green, they may not use him to only give testimony on underlying facts that are beyond his personal knowledge, but must question him on his full report and opinions. As noted on the record, CareFusion may, within 14 days, file a short 5−page

response to the cases cited on the record by Baxter with respect to motion in limine no. 4. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.